HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

Nationwide Mutual Insurance Company,

    Plaintiff,

    v.

Bianchi, LLC, *et al.*,

    Defendants.

Case No. 2:19-cv-001279-RAJ

ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Nationwide Mutual Insurance Company's Motion for Summary Judgment. Dkt. # 24. Having considered the submissions of the parties, the relevant portions of the record, and the applicable law, the Court finds that oral argument is unnecessary. For the reasons below, the motion is **DENIED**.

## II. BACKGROUND

In 2017, Defendant Bianchi LLC ("Bianchi LLC"), a contracting company, was performing work for the City of Wenatchee, Washington. Dkt. # 26 ¶ 2. Bianchi LLC along with several individuals—Defendants Douglas Bianchi, Brian Bianchi, and Amber Bianchi—requested multiple performance and payment bonds for that work. *Id.* Plaintiff Nationwide Mutual Insurance Company ("Nationwide") conducts a surety business in the

ORDER – 1

State of Washington and issues surety bonds. Dkt. # 9 ¶ 1.1. To obtain bonds from Nationwide, Defendants first entered an indemnity agreement among themselves for the benefit of Nationwide ("Indemnity Agreement"). Dkt. # 9 Ex. A; Dkt. # 26 ¶ 2. Nationwide then issued four bonds accordingly. Dkt. # 26 ¶ 2; Dkt. ## 26-2, 26-3, 26-4, 26-5.

Later, "Bianchi [LLC] abandoned the bonded projects prior to completion, leaving a large number of unpaid subcontractors and material suppliers." Dkt. # 26 ¶ 2. Those subcontractors and suppliers made claims on the bonds, which Nationwide ultimately paid. *Id.*; Dkt. # 26-6. Defendants, however, have not in turn paid Nationwide. *Id.*

On August 14, 2019, Nationwide sued Defendants in this Court. Dkt. # 1. Almost a year later, the Court entered default against Defendants Bianchi LLC, Brian Bianchi, and Amber Bianchi. Dkt. # 20. Defendant Douglas Bianchi, however, submitted an answer, Dkt. # 10, and he is the only Defendant to appear so far.

On December 9, 2020, Nationwide moved for summary judgment. Defendant Douglas Bianchi responded. Dkt. # 29. The motion is now ripe for review.

### III. LEGAL STANDARD

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving party will have the burden of proof at trial, it must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party. *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007). On an issue where the nonmoving party will bear the burden of proof at trial, the moving party can prevail merely by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Celotex Corp.*, 477 U.S. at 325. If the moving party meets the initial burden, the opposing party must set forth specific facts showing that there is a

ORDER – 2

genuine issue of fact for trial to defeat the motion. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). The court must view the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133, 150-51 (2000).

## IV. DISCUSSION

To start, the Court notes that Nationwide has only barely complied with Federal Rule of Civil Procedure 56(a). That section requires a party moving for summary judgment to "identify[] each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Nationwide has not done so. Its motion for summary judgment does not identify under what claim, or part of a claim, the motion is brought under. Dkt. # 24. It simply contends that "[t]he Indemnity Agreement is in default." *Id.* at 3. It does not state that it is moving for summary judgment on its breach of contract claim. *See id.* But in the "Statement of Issues" section of its brief, Nationwide presents the issue of whether Nationwide is entitled to judgment "because of the defendants [sic] *breach* of the Indemnity Agreement[.]" *Id.* at 2 (emphasis added). The Court presumes, then, that Nationwide is moving for summary judgment on its breach of contract claim. Dkt. # 9 ¶¶ 4.1-4.11.

In Washington, to establish a breach of contract claim, a plaintiff must prove (1) the existence of a contract, (2) a material breach of that contract, and (3) resulting damage. *St. John Med. Ctr. v. State ex rel. Dep't of Soc. & Health Servs.*, 38 P.3d 383, 390 (Wash. Ct. App. 2002).

Nationwide makes it past step one. It has established the existence of a contract, here the Indemnity Agreement. Dkt. # 9 ¶ 4.2, Ex. A; Dkt. # 10 ¶ 4.2; Dkt. # 26 ¶ 2. But it falls short at step two for it has failed to show a material breach of that agreement.

Measuring just four pages long, Nationwide's motion cites no law—no summary judgment standard, no statement of the elements for a breach of contract claim in Washington, or otherwise. Dkt. # 24. Instead, the motion merely sets forth the various

ORDER – 3

sums of money that Nationwide paid to subcontractors and suppliers under the bonds. *Id.* at 1-2. Nationwide also excerpts the portion of the Indemnity Agreement that it believes entitles it to recovery from Defendants. *Id.* at 3. It does not, however, explain how the Court should interpret the Indemnity Agreement or why that interpretation would, in fact, entitle Nationwide to relief. *Id.* Presumably, Nationwide requests that the Court discern that for itself.

Yet, as the party with the burden of proof at trial, Nationwide "must affirmatively demonstrate that no reasonable trier of fact could find other than for [it]." *Soremekun*, 509 F.3d at 984. To prevail, it may not simply point to a contract and a tally of sums unpaid. It must explain how the contract should be interpreted and how Defendants' performance or lack of performance materially breached that contract. Because it fails to do so, Nationwide has not met its summary judgment burden.

For example, Nationwide claims that it paid $465,248.79 to subcontractors and suppliers who made claims on the bonds. Dkt. # 26 ¶ 2; Dkt. # 26-6 at 2. After incurring other expenses and recovering some payments, Nationwide claims that it is seeking a net amount of $291,914.31, excluding interest and attorneys' fees. Dkt. # 24. Those sums may well be the sums that Nationwide paid and that Defendants did not indemnify. Nationwide has indeed provided supporting evidence to that end. Dkt. # 26-6 at 2. But unpaid sums themselves do not explain why Nationwide may recover under the Indemnity Agreement.

Under the agreement, Defendants were required to indemnify Nationwide for three types of "losses and/or expenses"—those that were "sustain[ed] and incur[red]: (a) by reason of having executed or procured the execution of the Bonds, (b) by reason of the failure of the [Defendants] to perform or comply with the covenants and conditions of this Agreement, or (c) in enforcing any of the covenants and conditions of this Agreement." Dkt. # 9 at 7. Though it identifies this provision, Nationwide does not explain why its payments to subcontractors and suppliers fall under the indemnity

ORDER – 4

provision. Without further explanation or evidence, a reasonable trier of fact is free to conclude that such payments do not fall under the three types of "losses and/or expenses" identified in the Indemnity Agreement. Thus, Nationwide fails to meet its burden on summary judgment.

Because the Court denies Nationwide's motion for summary judgment on its breach of contract claim, the Court need not reach Nationwide's arguments about post-judgment interest and attorneys' fees or Defendant Douglas Bianchi's arguments about termination of the Indemnity Agreement.

## V. CONCLUSION

For the reasons stated above, the Court **DENIES** Plaintiff Nationwide Mutual Insurance Company's Motion for Summary Judgment. Dkt. # 24.

DATED this 6th day of July, 2021.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 5